A. MARVEL SCOBIE, Plaintiff

v.

KORKY ENTERPRISES, INC., and
KENNETH KORKOIAN, Defendants

Civil No. 1227-1969

Municipal Court of the Virgin Islands
Div. of St. Thomas and St. John

December 24, 1970

JAMES L. HYMES III, St. Thomas, V.I., Attorney, *for the plaintiff*

KEVIN J. BUTLER, St. Thomas, V.I., Attorney, *for the defendant*

HOFFMAN, *Judge*

OPINION

Plaintiff as the assignee of the accounts receivable of Allied Enterprises Inc. filed suit December 29, 1969, against Korky Enterprises, Inc. Amendment was permitted in order to allow the plaintiff to bring in Kenneth Korkoian as a party defendant. It was alleged in the plaintiff's amended complaint that an outstanding balance of $967.50 is still owing on the account of "Korky Enterprises, Inc. and for Kenneth Korkoian d/b/a Korky Enterprises."

█ Korky Enterprises, Inc., officially commenced its corporate existence on February 13, 1969, the day on which its articles of incorporation were filed with the Government Secretary. This was some 2 1/2 months subsequent to the last day (November 26, 1968) that indebtedness on the account in question could have arisen. All charges on this account were billed to Korky Enterprises. Other than the fact that Kenneth Korkoian is a 40% owner in Korky Enterprises, Inc., no proof was submitted to establish that the assets and liabilities of Korky Enterprises were taken over by the corporation. Accordingly, plaintiff's complaint as to Korky Enterprises, Inc., is dismissed.

The amended complaint alleged that between September 19, 1968 and November 26, 1968 (the period of time covered by plaintiff's exhibits 5–11) the defendant ordered services and work to be performed by the plaintiff's assignor and that the defendant has failed to pay for the full amount of these services. The plaintiff's assignor, Allied Enterprises Inc., was at the times mentioned

engaged in the business of renting heavy equipment machinery such as cranes, bulldozers, etc.

Plaintiff's exhibits 5–11 inclusive show billings of $2422.50 all to Korky Enterprises and credits of $1455.00 is conceded by the parties during this period. Plaintiff sues for $967.50 to which she would be entitled except that defendant Kenneth Korkoian d/b/a Korky Enterprises contends that certain items were not ordered by him; certain charges to him should have been for the account of others; and certain other charges were made improperly.

■ The testimony reveals that the transactions between the parties were carried on loosely: the usual practice as contended by the plaintiff of obtaining the defendant's signature to the services requested and received by him from Allied Enterprises Inc., was not followed so that only 2 of 10 exhibits carry the defendant's signature. The plaintiff contended that the defendant was not available after the completion of the work in those cases where a signature was not obtained. The defendant, on the other hand, testified that by the nature of the work his presence on the job site was necessary and he estimated that he was present 60–75% of the time when services were rendered. The defendant also testified that on a number of occasions he asked the plaintiff's assignor to present him with completed job orders so that he (the defendant) could verify by his signature the work done for him. This request as the defendant testified, and as the Court finds, was not always complied with. This finding does not affect the admissibility of those work orders but does go to the weight which is to be given to them.

The bills in evidence over which there is dispute are plaintiff's exhibits 5, 6, 7, 10 and 11. For convenience the Court will first consider plaintiff's exhibits 5, 6 and 7 to-

gether since these exhibits represent the amounts charged to the defendant by Allied Enterprises Inc., for one undertaking, the Island Block project.

With respect to these charges the defendant denied that he had agreed to pay $25 per hour for crane time as billed, but that instead, he had only agreed to pay $20 per hour which was the same rate that Allied Enterprises Inc., was charging Island Block. Moreover, the defendant contended that Allied Enterprises Inc., grossly overcharged him for the Island Block project by charging him for too many hours of crane time.

The Court finds that on the Island Block job the agreed hourly crane rate was to be $20 per hour and not $25 per hour as the plaintiff contended it was.

The crane time on the Island Block job chargeable to Korky Enterprises requires the Court to decide between diametrically different contentions. The plaintiff relied on the correctness of the entries made by one Joseph Hector who operated the crane for Allied Enterprises Inc., the plaintiff's assignor, during the period in question. The defendant, on the contrary, contests the accurateness of the billing claiming that much of the time must have been for the account of Island Block. In support of this contention the defendant cited other larger jobs also done by Allied where the crane time charged to defendant was less. Specifically, the defendant cited the Mannassah job which he claimed had an area approximately 2 1/2 times as great as that contained on the Island Block job. The defendant went on to state that the total crane time on the Island Block job should have only amounted to 1/3 the total involved in the Mannassah job.

The Court feels that this assertion is unwarranted and finds no bases in the record to support it. Since the Mannassah job involved 20 1/2 hours of crane time, the defendant would have the Court conclude that only approxi-

mately 7 hours of crane time should have been charged to it on the Island Block job. However, the defendant has admitted the accuracy of the hours charged to it in plaintiff's exhibits 6 and 7 for the Island Block job and these alone total 14 1/2 hours.

 As far as exhibit 5 is concerned, the Court finds that the 23 1/2 hours of crane time charged to Korky Enterprises was correct. The operator of the crane, Joseph Hector, was in Court and testified that it was his practice to note the hours which he spent on any given job promptly upon its completion. It was he who made out the job tickets here in question which are attached to plaintiff's exhibit 5. These job tickets clearly indicate the number of hours which Mr. Hector spent working for Korky Enterprises as well as the work he essentially did during this time. While these tickets do not contain the signature of the defendant, the Court, nevertheless, finds them to be reliable evidence of the amount of time actually spent on the job for Korky Enterprises. The testimony given by the defendant in rebuttal was based solely upon inaccurate comparisons with other jobs and was pure conjecture which this Court does not accept.

It is true that there was some question as to who Joseph Hector did work for during a small portion of the time covered by plaintiff's exhibit 5. The Court, however, finds that the time actually billed Korky Enterprises was fairly apportioned to it.

The Court therefore finds that with respect to the plaintiff's exhibits 5, 6 and 7, the defendant was properly charged for 38 hours of crane time but that the hourly rate for each of these exhibits should be computed on the basis of $20 per hour for a total of $760. Since the total amount billed defendant for these items (plaintiff's exhibits 5, 6 and 7) was $967.50, the Court disallows $207.50 of this amount.

■ The Court next deals with the $45 standby charge disputed in the plaintiff's exhibit 10. In the Court's opinion the time needed to prepare the crane to do the requested work cannot without specific agreement—here denied—be charged to the defendant. The Court disallows this $45 charge.

■ With respect to the last item in dispute, plaintiff's exhibit 11, the Court finds that this $200 item was also improperly charged to the defendant by the plaintiff's assignor. From the evidence presented at trial on this issue, the Court finds that the defendant never ordered or accepted the work allegedly involved. That instead, defendant subcontracted with Quelly Construction Company for the pouring of the concrete on this, the Antilles Airboat job. Quelly Construction Company, as the defendant testified, and the Court so finds, was to provide all labor, materials and equipment necessary to complete the pouring and was not authorized by the defendant to order equipment such as a crane on the defendant's behalf. Even if it is assumed that the defendant did receive a benefit from the service alleged, it must also be assumed that he has already paid Quelly Construction Company for it. This $200 charge to the defendant is, therefore, disallowed.

In summation, of the total amount of $2422.50 billed Korky Enterprises during the period in question (September 19, 1968—November 26, 1968), since the Court has disallowed $452.50 of this amount and since, as already indicated, $1455.00 has been paid (on general account) by Kenneth Korkoian, judgment will be entered in favor of the plaintiff and against Kenneth Korkoian individually in the amount of $515.00 with costs of $7.00 and $100.00 attorneys fee.

Judgment to be stayed for a period of 15 days from date.